JOHN KELLAR *v.* HENRY W. PALFREY.

The Supreme Court is without jurisdiction when the matter in dispute does not exceed three hundred dollars.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.  *J. D. Mix*, for plaintiff and appellant. *Benjamin & Micou*, for defendant.

VOORHIES, J.   The defendant having issued an execution on a judgment rendered in his favor by the late Commercial Court of New Orleans against the plaintiff for the sum of one hundred and seventy dollars, with interest and costs, allowing as a credit the sum of fifteen dollars, the latter sued out an injunction on the ground that the judgment was extinguished by compensation, averring that he was the transferree of a judgment rendered by the same court in favor of *Mrs. Cora Slocum* against the plaintiff for the sum of three hundred and ninety-three dollars, together with interest and costs.

From a copy of his judgment, annexed to but forming no part of the record, it appears that the defendant is entitled to recover five per cent. per annum in-

terest from the 15th of July, 1839, until paid, and three dollars costs of protest, and the costs of suit. The writ of injunction was issued on the 14th of June, 1852. Allowing interest to that date, and three dollars, the cost of protest, there being no allegation or evidence as to the costs of suit, the whole amount called for by the execution would not exceed two hundred and ninety dollars.

The extinguishment of the defendant's judgment by compensation is the only matter in dispute.

"The Supreme Court, except in the cases hereafter provided, shall have appellate jurisdiction only; which jurisdiction shall extend to all cases when the matter in dispute shall exceed three hundred dollars," &c. Con., Art. 62. The same provision existed in the former Constitution, Art. 63.

We concur in opinion with our predecessors, that "the framers of the Constitution wisely provided a limit to the jurisdiction of this Court, that litigants for small matters might not be burdened by onerous costs, or harassed by protracted litigation. This wise policy it is, our duty to enforce; and parties who are dissatisfied with the decrees of inferior tribunals must exhibit affirmatively their right to our interference." *Plique* v. *Bellome*, 2 An. 293.

It is, therefore, ordered, that the appeal be dismissed.